ALAN E. NORRIS, Circuit Judge,
dissenting.
In response to plaintiffs motion to compel discovery, the district court ordered Ameritech Sickness and Accident Disability Benefit Plan (“the Plan”) to “provide the procedures used by the third party reviewer and the methods that they follow, including any brochures, booklets, and copies of contracts with the Plan setting forth the obligations of the reviewer on behalf of the Plan.” As the Majority recognizes, while the typical ERISA action challenging the denial of benefits does not include extensive discovery, the district court may order it when a plan participant is seeking information “in support of a procedural challenge to the administrator’s decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part.” Majority Op. at 996 (quoting Wilkins v. Baptist Healthcare Sys., Inc., 150 F.3d 609, 619 (6th Cir. 1998)). In seeking discovery, plaintiff hoped to establish that the doctors employed by Network Medical Review failed to follow the Plan’s own procedures by not contacting her treating physicians. Had plaintiff successfully established such a breach of the Plan’s protocol, she could have argued that the manner in which her claim for benefits was reviewed was fundamentally flawed and that the Plan administrator’s decision was therefore arbitrary or capricious.
She was prevented from doing so, however, because counsel for the Plan refused to comply with the district court’s discovery order. The reason for this non-compliance is baffling. The discovery order was limited in scope. More importantly, by failing to comply counsel not only left themselves open to sanctions, they also subjected the Plan to a potential finding by the district court that “the matters embraced in the [discovery] order or other designated facts be taken as established for purposes of the action, as the prevailing party claims.” Fed.R.Civ.P. 37(b)(2)(A)(i). In short, counsel acted in a manner contrary to the Plan’s interest and totally at odds with the spirit of the Federal Rules of Civil Procedure, which contemplate cooperation among counsel in matters involving discovery so that costly, time-consuming litigation can be avoided. While the district court acted appropriately in sanctioning such behavior, in my view it did not go far enough.
The district court never disavowed the propriety of its discovery order and, by imposing sanctions, it tacitly acknowledged the potential importance of the documents subject to discovery. Yet, in the same order in which it affirmed the sanctions recommended by the magistrate judge, the court granted judgment to the Plan on the merits, concluding the documents subject to discovery would not affect the ultimate disposition of the case. In the absence of the documents themselves, it strikes me that this conclusion was premature. Nowhere in its judgment order does the district court explain why the documents could not affect the outcome under any circumstances. If this were true, then *1003 there would have been no need to grant the motion to compel their production in the first place.
In my view, rather than rewarding The Plan for its contumacy, the district court should have enforced its motion to compel prior to ruling on the merits. Its failure to do so constitutes an abuse of the court’s discretion. I would therefore vacate the judgment and remand the matter for reconsideration after the documents subject to discovery have been produced.
I respectfully dissent.